UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reverend Franklin C. Reaves, Ph.D., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Sherry R. Rhodes, individually and in her official capacity as )<br>Marion County Clerk of Court; Jerry Vinson, individually and )<br>in his official capacity as Family Court Judge; Marion County )<br>Sheriff Department; Mark Richardson, individually and in his )<br>official capacity as Sheriff of Marion County; Albert Woodbury, )<br>individually and in his official capacity as Deputy Sheriff of )<br>Marion County; Levon Nichols, individually and in his official )<br>capacity as Deputy Sheriff of Marion County; Bobby L. )<br>Crawford, individually and in his official capacity as Deputy )<br>Sheriff of Marion County; Marion County Jail; Tim Harper, )<br>individually and as Administrator of Marion County; Willie D. )<br>Reaves; City of Marion; Town of Sellers; William Young, )<br>individually and in his official capacity as Family Court Judge; )<br>Luvenia Wright, Mayor of Town of Sellers; Bobby Gerald, )<br>Mayor of the City of Marion; South Carolina Department of )<br>Social Services; Hybert N. Strickland, individually and in his )<br>official capacity; Donna Owens, individually and in her official )<br>capacity, and C. Smith, individually and in his official capacity )<br>as deputy sheriff of Marion County, )<br>)<br>Defendants. )<br>_____ | C/A No. 4:09-820-TLW-TER<br><br>Report and Recommendation<br>(Partial Summary Dismissal) |

This is a civil action filed *pro se.* Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review of the Amended Complaint submitted on October 6, 2009. (Entry 23). *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

## **BACKGROUND OF THIS CASE**

Plaintiff's Amended Complaint, citing to 42 U.S.C. §§ 1983, 1985, 1988 and to certain state-law based causes of action, seeks recovery of compensatory and punitive damages from many persons and governmental entities for alleged violations of various federal constitutional provisions in connection with a search and

seizure, arrest, and subsequent incarceration of Plaintiff in Marion County, South Carolina on December 31, 2008.[1] Plaintiff alleges that the search and seizure and arrest was based on a faulty bench warrant issued for him by the Marion County Family Court based on his failure to pay wrongfully ordered alimony and/or child support payments to his former wife, Defendant Willie D. Reaves. He claims that he has a North Carolina divorce decree that does not award any alimony to his former wife and that the Marion County court officials violated his federal constitutional rights by refusing to give full faith and credit to the North Carolina divorce judgment and, instead, issuing the allegedly faulty bench warrant that resulted in the complained-of arrest. He claims that he was falsely arrested by Marion County law enforcement officers operating improperly within the city limits of the town of Sellers and/or city of Marion and forced to pay $ 3300.00 under orders of Defendant Rhodes, the Clerk of Court for Marion County to be released from false imprisonment at the Marion County Jail. Plaintiff does not assert that any of the alleged constitutional violations were the result of race or class-based animus of any Defendants toward him.[2] In the most recent Order issued in this case, Plaintiff was directed to submit service documents for Defendant "C. Smith" (Entry 21); however, the time for him to do so has passed an no documents were submitted.

## **PRO SE REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948

---

[1] Plaintiff also briefly mentions an alleged search that took place on July 2, 2008, but it appears that the bulk of his allegations reference things that happened on December 31, 2008. The July 2 situation is the subject matter of Count 13 in the Amended Complaint.

[2] This failure to allege race or class-based animus as the cause of the alleged constitutional violations precludes any viable claim under 42 U.S.C. § 1985. *Simmons v. Poe*, 47 F.3d 1370 (4th Cir. 1995).

2

(4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* Amended Complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[3] Even under this less stringent standard, the Amended Complaint filed in this case is subject to partial summary dismissal as to nine of the named Defendants (Judges Vinson and Young, Court Clerk Rhodes, Marion County Jail, Marion County Sheriff Department, South Carolina Department of Social Services, Mayor Luvenia Wright, Mayor Bobby Gerald, and C. Smith) pursuant to 28 U.S.C. § 1915(e)(2)(B).

## ANALYSIS

To the extent that Plaintiff seeks damages from Judges Vinson and Young, both of the Marion County Family Court, based on their rulings in a divorce action before them, including, but not limited to, the issuance of the bench warrant for allegedly unpaid alimony, his suit is barred by the doctrine of judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be

---

[3]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

> immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). The allegations of wrongdoing against the two judges contained in Plaintiff's Amended Amended Complaint are all based on rulings the judges made in connection with the divorce action before them. These rulings were made by them as part of their judicial duties and, therefore, the rulings do not expose the judges to civil liability for damages. Accordingly, Defendants Judges Vinson and Young should be dismissed from this case and the Amended Complaint should be partially dismissed insofar as it contains allegations of constitutional violations against the judges and seeks damages from them.

Furthermore, the Amended Complaint should be partially summarily dismissed as to Defendant Sherry R. Rhodes, the Clerk of Court for Marion County. The only allegations of wrongdoing against this Defendant are that she directed Plaintiff to pay a certain amount of money to be released from incarceration on the bench warrant issued by the Marion County Family Court. Such direction was clearly made as part of Defendant

Rhodes' official duties as Clerk for the Court at the direction of the judges of that Court. Performance of these judicially related activities do not expose Defendant Rhodes to liability for damages. County Clerks of Court, though elected by the voters of a County, are also part of the State of South Carolina's unified judicial system. *See* S.C. Const. Article V, § 24; § 14-1-40, South Carolina Code of Laws (as amended); § 14-17-10, South Carolina Code of Laws (as amended). In this case, Defendant Rhodes has quasi-judicial immunity from Plaintiff's damages claims because Plaintiff's allegations show that Rhodes was following rules of a court, or was acting pursuant to authority delegated by a court to Clerk's Office personnel when she ordered Plaintiff to pay the back alimony on which the bench warrant was issued in order to be released from jail. *See Cook v. Smith*, 812 F. Supp. 561, 562(E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court rejected claims similar to those raised by the *pro se* Plaintiff in the case *sub judice*, stating,

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D. Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

515 F. Supp. at 1076; *see also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*."). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as Defendant Rhodes because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)(quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

5

Additionally, the Amended Complaint should be summarily dismissed as to Defendant Marion County Jail because it does not qualify as a "person" for purposes of the Civil Rights Act, which includes the statutes on which Plaintiff bases his claims (42 U.S.C §§ 1983, 1985, 1986, 1988). All of these statutes provide that only persons may be subjected to liability for violations of the civil rights of other persons. *See Coffin v. S.C. Dep't.of Soc. Serv.*, 562 F. Supp. 579, 585-86 (D.S.C. 1983). In order to state a claim for relief under 42 U.S.C. § 1983 and the other civil rights statutes an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law" and/or in conspiracy with a person acting under color of state law. *See* 42 U.S.C. §§ 1983, 1985, 1986; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Because the Marion County Jail is only a building or group of buildings, it is not a person subject to liability for damages under the allegations contained in Plaintiff's Amended Complaint.

Also, the Amended Complaint should be partially summarily dismissed as to both Defendant Marion County Sheriff Department and the South Carolina Department of Social Services because both of these Defendants are entitled to Eleventh Amendment immunity from the damages sought in this case. Article V, section 24 of the South Carolina Constitution specifically provides for the election of a sheriff in each county: "There shall be elected in each county by the electors thereof a clerk of the circuit court, a sheriff, and a

coroner; and in each judicial circuit a solicitor shall be elected by the electors thereof." Furthermore, Sheriff's Departments in South Carolina are considered state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550; 1975 S.C. Att'y. Gen'l. Op. No. 47 (January 22, 1975). Also, under section 23-13-10 of the South Carolina Code of Laws, only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996)(suit against Sheriff of Greenville County: "Sheriff Brown is an arm of the State."); *Allen v. Fidelity & Deposit Co.*, 515 F.Supp. 1185, 1189-91 (D. S.C. 1981). Indeed, if any damages were to be awarded in this case, such damages would be paid by the South Carolina State Insurance Reserve Fund. *See Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund."). Each of these circumstances further support the determination that South Carolina Sheriffs' Departments are state agencies. The Department of Social Services is also an agency of the state of South Carolina.

As state agencies, the Marion County Sheriff Department and the Department of Social Services are immune from suit in federal court under the Eleventh Amendment. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61-71 (1989); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. S. C. Dep't of Soc. Servs.*, 562 F. Supp. at 583-85l; *Belcher v. S. C. Bd. of Corrs.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own

7

citizens). Under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. at 99 n. 9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities.").

Furthermore, the Amended Complaint should be partially summary dismissed as to the newly named Defendants Mayor Luvenia Wright of the Town of Sellers and Mayor Bobby Gerald of the City of Marion. The Amended Complaint contains no allegations against either of these Mayor-Defendants that can be liberally construed as showing personal participation in or knowledge of the search/seizure/arrest circumstances that form the factual background of Plaintiff's claims. Accordingly, the Amended Complaint, on its face, fails to state a claim on which relief may be granted against either of these persons. In absence of substantive allegations of wrongdoing against these Defendants, there is nothing from which this Court can liberally construe any type of viable cause of action arising from the Amended Complaint. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Moreover, to the extent that Plaintiff has named them as Defendants in an un-stated attempt to impute liability to them for alleged personal constitutional violations by other city employees under the doctrine of vicarious liability (sometimes referred to as the doctrine of *respondeat superior*), the Amended Complaint fails to state a viable claim against them. Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of *respondeat superior* or vicarious liability which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Amended

8

Complaint from partial summary dismissal in this case.

The *Slaken* exception is not adequately pled in this case, even under a very liberal construction of Plaintiff's allegations, because, as previously noted, there are no substantive factual allegations at all against either Mayor Wright or Mayor Gerald and the few identifying-type allegations referencing them are clearly not sufficient to state a viable supervisory liability claim against either of them. As stated above, Plaintiff has not alleged that either of these Defendants were aware of or had any personal involvement with the allegedly unconstitutional activities of any lower-level employees of their cities named within the factual allegations of the Amended Complaint. Plaintiff does not allege any "pervasive and unreasonable risk of harm from *some specified source . . .* " nor has he alleged that either Mayor's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices],' " 737 F.2d at 373 (emphasis added), as required to state a viable claim of supervisory liability in § 1983 cases. *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994). Thus, Plaintiff's allegations do not come close to showing that the *Slaken* exception could be applicable in this case. Since there are no allegations of any individual wrongdoing or potential supervisory liability for anyone else's wrongdoing on the part of any of Defendants, Plaintiff's Amended Complaint is both frivolous and fails to state a claim on which relief can be granted against either Mayor Wright or Mayor Gerald. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses Amended Complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

Finally, the Amended Complaint should be partially summarily dismissed as to Defendant C. Smith due to Plaintiff's failure to bring the case into proper form as to this Defendant. In the Order issued in this case on October 6, 2009, Plaintiff was specifically informed that if he did not provide the required service documents for Defendant Smith within the time permitted under that Order a recommendation for summary dismissal of Defendant Smith from this case for lack of prosecution would result. The time for Plaintiff's performance under that Order expired on October 23, 2009, without any response from Plaintiff. Accordingly, the Amended Complaint should also be partially summarily dismissed as to Defendant C. Smith for Plaintiff's lack of

9

prosecution of this Defendant.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court partially summarily dismiss the Amended Complaint in this case *without prejudice* and without issuance and service of process as to Defendants Rhodes, Vinson, Young, Marion County Jail, Marion County Sheriff Department, South Carolina Department of Social Services, Mayor Luvenia Wright, Mayor Bobby Gerald, and C. Smith. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). The Amended Complaint should be served on the remaining Defendants. Plaintiff's attention is directed to the important notice on the next page.

    s/Thomas E. Rogers, III

    Thomas E. Rogers, III
    United States Magistrate Judge

December 10, 2009
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).