IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Reverend Franklin C. Reaves,           ) | |
|                                        ) | |
|        Plaintiff,          ) | |
|                                        ) | |
| vs.                                    ) | Civil Action No.: 4:09-cv-820-TLW-SVH |
|                                        ) | |
| Mark Richardson, individually and in his  ) | |
| official capacity as Sheriff of        ) | |
| Marion County; Albert Woodbury,        ) | |
| individually and in his official capacity  ) | |
| as Deputy Sheriff of Marion County;    ) | |
| Levon Nichols, individually and in his ) | |
| official capacity as Deputy Sheriff of ) | |
| Marion County; Bobby L. Crawford,      ) | |
| individually and in his official capacity  ) | |
| as Deputy Sheriff of Marion County;    ) | |
| Tim Harper, individually and as        ) | |
| administrator of Marion County;        ) | |
| Willie D. Reaves; City of Marion;      ) | |
| Town of Sellers; Hybert N. Strickland, ) | |
| individually and in his official capacity;  ) | |
| Donna Owens, individually and in her   ) | |
| official capacity,                     ) | |
|                                        ) | |
|        Defendants.         ) | |
| _____) | |

## ORDER

The plaintiff, Franklin C. Reaves ("plaintiff"), brought this civil action, pro se, pursuant to 42 U.S.C. § 1983 on March 31, 2009. (Doc. #1). The plaintiff filed an amended complaint on October 6, 2009. (Doc. # 23). On February 16, 2010, this Court dismissed the plaintiff's claims against defendants Sherry R. Rhodes, Judge Jerry Vinson, Judge William Young, Marion County Jail, Marion County Sheriff Department, South Carolina Department of Social Services, Mayor

1

Luvenia Wright, Mayor Bobby Gerald, and C. Smith. (Doc. # 37). Defendants Mark Richardson, Albert Woodbury, Levon Nichols (a/k/a Leverne Nichols), Bobby L. Crawford, Tim Harper, Town of Sellers, Hybert N. Strickland, and Donna Owens filed a motion for summary judgment on November 4, 2010. (Doc. # 64). Defendant City of Marion also filed a motion for summary judgment on November 4, 2010. (Doc. # 65).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges to whom this case had previously been assigned. (Doc. # 88). In the Report, the Magistrate Judge recommends that the District Court grant both motions for summary judgment. (Doc. # 88). Additionally, the Magistrate Judge recommends dismissal of the plaintiff's claims against Willie D. Reaves because the plaintiff has not alleged a sufficient nexus to create state action by Willie D. Reaves for purposes of liability under 42 U.S.C. § 1983. (Doc. # 88). The plaintiff filed objections to the Report. (Doc. # 93). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 88). Therefore, for the reasons articulated by the Magistrate Judge, the motion for summary judgment filed by defendants Mark Richardson, Albert Woodbury, Levon Nichols (a/k/a Leverne Nichols), Bobby L. Crawford, Tim Harper, Town of Sellers, Hybert N. Strickland, and Donna Owens (Doc. # 64) is **GRANTED**, and the motion for summary judgment filed by the City of Marion (Doc. # 65) is **GRANTED**. In addition, the plaintiff's claims against Willie D. Reaves are **DISMISSED** because the plaintiff has not alleged a sufficient nexus to create state action by Willie D. Reaves for purposes of liability under 42 U.S.C. § 1983. In light of these rulings, this case is **DISMISSED** in its entirety.[1]

---

[1] In addition to filing objections to the Report, the plaintiff filed a motion for enforcement of a North Carolina divorce decree. (Doc. # 91). Attached to the motion is a November 2006 North Carolina divorce decree, which awards no alimony to Willie D. Reaves (Doc. # 91, Attach. 1). However, the September 27, 1988, Marion County, South Carolina Family Court order, which served as a basis for the bench warrant pursuant to which the plaintiff was arrested, directs the plaintiff to pay $300 per month in alimony to Willie D. Reaves. This support order is attached as an exhibit to Sherry R. Rhodes' affidavit. (Doc. # 64, Attach. 8). Essentially, the plaintiff appears to be seeking to invalidate the September 27, 1988, Marion County Family Court support order and the bench warrant pursuant to which he was arrested after he allegedly failed to make the court-ordered payments. Review of these state court orders in this Court is barred by the Rooker-Feldman doctrine, which "prohibits the United States District Courts, with the exception of habeas corpus actions, from 'sit[ting] in direct review of state court decisions.'" Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997) (quoting D.C. Ct. App. v. Feldman, 460 U.S. 462, 483 n.16 (1983)). Rooker-Feldman is implicated if "'in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual.'" Id. at 202 (quoting Ernst v. Child & Youth Serv. of Chester Cnty., 108 F.3d 486, 491 (3d Cir. 1997). "Furthermore, the Rooker-Feldman doctrine precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." Id. at 199. Additionally, in light of the South Carolina support order in place, the plaintiff's request for this Court to enforce the North Carolina divorce decree and nullify the support order implicates the domestic relations exception, which "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); see also Dugan v. Childers, 11 F. Supp. 2d 793, 795 (E.D. Va. 1998) (concluding that district courts "should not be involved in modifying state court orders" arising from domestic relations cases). Therefore, after careful review, the plaintiff's motion for enforcement of a North Carolina divorce decree (Doc. # 91) is **DENIED**. In their responses to the plaintiff's motion for enforcement of a North Carolina divorce decree, the defendants request sanctions pursuant to Local Rule 7.09, DSC, based on their assertion that the plaintiff's motion is frivolous. (Docs 96, 97). After careful review and consideration, the Court declines to award sanctions against the plaintiff based on this motion at this time.

**IT IS SO ORDERED**.

                                                              s/Terry L. Wooten
                                               United States District Judge

May 27, 2011
Florence, South Carolina