IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Reverend Franklin C. Reaves, | ) | C/A No.: 4:09-820-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Sherry R. Rhodes, individually and in her official | ) | |
| capacity as Marion County Clerk of Court; Jerry | ) | |
| Vinson, individually and in his official capacity as | ) | |
| Family Court Judge; Marion County Sheriff | ) | |
| Department; Mark Richardson, individually and in | ) | |
| his official capacity as Sheriff of Marion County; | ) | |
| Albert Woodbury, individually and in his official | ) | REPORT AND |
| capacity as Deputy Sheriff of Marion County; | ) | RECOMMENDATION |
| Levon Nichols, individually and in his official | ) | |
| capacity as Deputy Sheriff of Marion County; | ) | |
| Bobby L. Crawford, individually and in his official | ) | |
| capacity as Deputy Sheriff of Marion County; | ) | |
| Marion County Jail; Tim Harper, individually and | ) | |
| as Administrator of Marion County; Willie D. | ) | |
| Reaves; City of Marion; Town of Sellers; William | ) | |
| Young, individually and in his official capacity as | ) | |
| Family Court Judge; Luvenia Wright, Mayor of | ) | |
| Town of Sellers; Bobby Gerald, Mayor of the City | ) | |
| of Marion; South Carolina Department of Social | ) | |
| Services; Hybert N. Strickland, individually and in | ) | |
| his official capacity; Donna Owens, individually | ) | |
| and in her official capacity, and C. Smith, | ) | |
| individually and in his official capacity as deputy | ) | |
| sheriff of Marion County, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, who is proceeding pro se in this action, brought this action pursuant to 42 U.S.C. § 1983 alleging defendants violated his constitutional rights. Before the court are two motions for attorneys' fees [Entry #107, #113]. The motions were referred to the

undersigned pursuant to the provisions of 28 U.S.C. § 636 for a Report and Recommendation for review by the Honorable Terry L. Wooten. Assuming Judge Wooten denies Plaintiff's June 24, 2011 motion [Entry #111] for reconsideration of the court's May 27, 2011 Order dismissing this case, the undersigned recommends the motions for attorneys' fees be granted.

I.      Factual and Procedural Background

Mark Richardson is the elected Sheriff of Marion County and Levon Nichols and Bobby L. Crawford are Marion County Sheriff's deputies. Nichols was employed as a process server for the Marion County Sheriff's office ("MCSO") at the time of the events alleged in the complaint. Albert Woodbury is an MCSO process server. Tim Harper is the Marion County Administrator. Hybert N. Strickland is the former Marion County director for the South Carolina Department of Social Services ("DSS"). Donna Owens is a staff attorney employed with the DSS Child Support Enforcement Division. The Town of Sellers and the City of Marion are municipalities located in Marion County, South Carolina. Sherry R. Rhodes is the Marion County Clerk of Court.  Jerry Vinson is a Family Court judge.

On September 27, 1988, the Marion County Family Court ordered Plaintiff to pay his ex-wife $300.00 per month (plus a 5% ($15.00) service charge) in alimony through the Marion County Clerk of Court. Rhodes Aff. ¶ 4 and exhibits attached. [Entry #64-8 at 7]. Rhodes, as the Clerk of Court, is required under Rule 24 of the South Carolina Family Court Rules ("SCRFC") to conduct periodic reviews of Plaintiff's alimony account and to

issue rules to show cause whenever the account is in arrears. Rule 24, SCRFC. Rhodes issued repeated rules to show cause against Plaintiff in an effort to gain his compliance with the family court's orders. Rhodes Aff. ¶¶ 6–8, 11, 15, 17 and attached exhibits. [Entry #64-8].

Because Plaintiff failed to respond to many of the rules to show cause, the Marion County Family Court issued bench warrants for Plaintiff's arrest at various times, including on June 9, 2005, August 10, 2006, July 24, 2008, and April 30, 2009. Id. at ¶¶ 8–10, 14–16. Without exception, those bench warrants: (1) were issued by a family court judge; (2) commanded law enforcement officers, including sheriffs and deputies, to arrest Plaintiff; and (3) referred to alimony, not child support. See id.

On December 31, 2008, Plaintiff was arrested pursuant to the July 24, 2008 bench warrant. *Id.* at ¶ 15; see also Am. Compl. ¶¶ 27–29. On that date, Nichols and Woodbury saw Plaintiff driving along Highway 76 in Marion County. They were aware that there was an outstanding bench warrant for Plaintiff's arrest for failure to pay court-ordered alimony, so they notified MCSO Sgt. Crawford of Plaintiff's location. Nichols Aff. ¶ 4; Woodbury Aff. ¶ 3 [Entry #64-2, #64-6]. Crawford responded, stopped Plaintiff, and placed him under arrest. Crawford Aff. ¶ 3 [Entry #64-4]. Plaintiff was allowed to secure his vehicle and leave it in the parking lot of a local attorney's office. *Id.* at ¶ 5. According to Defendants, Plaintiff's vehicle was not searched. Id. Nichols and Woodbury then transported Plaintiff to the Marion County Detention Center for booking. *Id.* at ¶ 6.

At the time of this arrest, Plaintiff owed $3,465.00 in past due alimony, having not made a support payment since January 24, 2008. Rhodes Aff. ¶ 15. Plaintiff paid the alimony due that day and was released from jail. *Id.* at ¶ 15 [Entry #64-8]. In his Complaint, Plaintiff first alleged that Woodbury unlawfully searched his vehicle while in the Town of Sellers on July 2 or 3, 2008, in violation of his Fourth Amendment rights. Am. Compl. ¶¶ 25–26, 68–71. Additionally, Plaintiff alleged that during his arrest, he was not told he was under arrest or informed of his Miranda rights. *Id.* ¶¶ 76–87. Plaintiff asserted causes of action against the City of Marion and Town of Sellers, for violating his constitutional rights by allowing MCSO deputies to undertake law enforcement activities within their corporate limits. *Id.* ¶¶ 103–108; Compl. ¶¶ 89–91 [Entry #1]. Plaintiff also sued his ex-wife, Willie D. Reaves, for violating his constitutional rights by collecting alimony. Compl. ¶¶ 100–102.

Additionally, Plaintiff claimed that Richardson, Mrs. Reaves, Vinson and Rhodes engaged in a conspiracy to violate his constitutional rights. Am. Compl. ¶¶ 113–114. Plaintiff asserted a failure-to-train claim against Richardson. *Id.* at ¶¶ 115–117. Finally, Plaintiff asserted a claim for infliction of emotional distress in violation of his constitutional rights. *Id.* at ¶¶ 118–120.

On February 16, 2010, the district judge dismissed Plaintiff's claims against defendants Rhodes, Vinson, Young, the Marion County jail, Marion County Sheriff Department, South Carolina DSS, Mayor Luvenia Wright, Mayor Bobby Gerald, and C. Smith. [Entry #37]. On May 27, 2011, the district judge dismissed Plaintiff's claims

against defendants Richardson, Woodbury, Nichols, Crawford, Harper, Town of Sellers, Strickland, Owens (collectively "Individual Defendants"), the City of Marion, and Mrs. Reaves. [Entry #103].

Pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d)(2) and Local Civil Rule 54.02 D.S.C, the City of Marion filed a motion for attorneys' fees. [Entry #107].  Similarly, the Individual Defendants filed a motion for attorneys' fees. [Entry #113]. Plaintiff has filed no response in opposition to the motions.

II.     Discussion

    A.     Entitlement to Attorneys' Fees

A prevailing defendant in a § 1983 action may recover its attorneys' fees if it can show "that the plaintiff's claim 'was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)); *see also Hughes v. Rowe*, 449 U.S. 5, 15 (1980). Plaintiff's claims against the defendants were unsupported by fact or law, as he failed to present any evidence of any constitutional violation by any defendant.

Plaintiff has had notice that this action would not succeed on the merits after his prior litigation involving claims similar to those asserted in this case, but he continued to prosecute this case. *See, e.g., Reaves v. Rhodes*, 4:10-125-TLW-TER (Order adopting Report & Recommendation) (dismissing claims for arrest made pursuant to family court bench warrant); *Reaves v. S.C. Dep't of Social Servs.*, No. 4:08-576-TLW-TER (D.S.C.) (Order adopting Report & Recommendation dismissing claims for arrest pursuant to family

court bench warrant); *Reaves v. Marion County*, C/A No. 4:96-995-22BE (D.S.C.) (Order adopting Report & Recommendation dismissing claims for wrongful detention on family court rule to show cause). In fact, the Plaintiff had been repeatedly warned by this Court in this case and in others that if he persisted in advancing merciless claims and positions, he would be subjected to a potential award of fees. *See, e.g., Reaves v. Rhodes*, 4:09-820-TLW-SVH (Jan. 13, 2011 Order p. 3 (cautioning plaintiff against continued assertion of merciless and repetitive arguments) (Docket #84)); *Reaves v. City of Mullins*, C/A No. 4:08-1818-TLW-SVH (Mar. 31, 2011 Order pp. 6–7 (cautioning plaintiff against continued assertion of merciless and repetitive arguments)). Because Plaintiff has brought multiple actions based on the same facts which unjustifiably caused expenditure of funds on duplicative lawsuits, the undersigned submits that the moving defendants are entitled to attorneys' fees as the prevailing parties to a frivolous and groundless lawsuit.

    B.    Reasonableness of the Attorneys' Fees

In determining what constitutes a reasonable number of hours and the appropriate hourly rates (i.e., in calculating the lodestar fee), the court considers the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability

of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). While the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all may affect the fee in a given case. "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." *E.E.O.C. v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990). Further, Local Rule 54.02(A) provides that attorneys' fee petitions must comply with *Barber* "and shall state any exceptional circumstances and the ability of the party to pay the fee."

The party seeking recovery of attorneys' fees bears the burden of "[d]ocumenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The first step in setting a reasonable fee is determining the appropriate hourly rate. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). The reasonableness of the attorneys' hourly rate is determined by the "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "The court must assess the experience and skill of the prevailing parties' attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Alexander S. v. Boyd*, 929 F.Supp. 925, 935 (D.S.C. 1995). The relevant market for determining the prevailing rate is ordinarily the community in which the court

where the action is prosecuted sits. *See National Wildlife Federation v. Hanson*, 859 F.2d 313 (4th Cir. 1988).

With these factors in mind, the court considers the statements of attorneys' fees, as specified in the affidavit of Marion County's counsel Douglas Baxter [Entry #107-2] and the affidavit of the Individual Defendants' counsel Robert T. King. [Entry #113-2]. Baxter provides details of the work performed, and the time, per attorney. [Entry #107-2 at 4]. Baxter indicates the billable hours submitted were expenditures directly related to this litigation as reasonable, fair and necessarily incurred. Id. at 3. Baxter's law firm charged an hourly rate of $150/hour for partner and $110/hour for associate attorney work, for a total of $3,496.00. *Id.* at 4.

King provides details of his expertise in defending state and local government officials and entities in federal civil rights and governmental tort liability actions. His affidavit outlines the work performed, time for each task, and by whom it was performed. [Entry #113-2 at 3–7]. King indicates the billable hours submitted were expenditures directly related to this litigation as reasonable and necessarily to properly and adequately defend the action on behalf of the Individual Defendants. *Id.* at 7. King's law firm charged an hourly rate of $140/hour per hour for attorney work and $70/hour for paralegal work, for a total of $6,538.00 in fees, and $427.37 in costs, totaling $6,965.37. [Entry #113 at 6–7].

Plaintiff has not disputed the reasonableness of the amount of hours billed or the hourly rate by Baxter and King. After considering all applicable *Barber* factors, the

undersigned submits that Baxter and King's hourly rates are reasonable and customary for the like work in the relevant market of South Carolina. *See, e.g., City of Myrtle Beach v. United Nat'l Ins. Co.*, C/A No. 4:08-1183-TLW-SVH, 2010 WL 3420044, *10 (D.S.C. Aug. 10, 2010) (finding that an hourly attorney rate of $200 in South Carolina was reasonable). Therefore, the undersigned recommends the motions for attorneys' fees and costs to be granted in the amount of $3,496.00 for the City of Marion and in the amount of $6,965.37 for the Individual Defendants.

III.    Conclusion

Accordingly, it is recommended that the District Court grant the motions for attorneys' fees [Entry #107, #113].

IT IS SO RECOMMENDED.

September 2, 2011                                Shiva V. Hodges
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**