IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Reverend Franklin C. Reaves,           ) | |
| )                                      | |
| Plaintiff,           )                 | |
| )                                      | |
| vs.                                  ) | Civil Action No.: 4:09-cv-820-TLW-SVH |
| )                                      | |
| Mark Richardson, individually and in his   ) | |
| official capacity as Sheriff of            ) | |
| Marion County; Albert Woodbury,            ) | |
| individually and in his official capacity  ) | |
| as Deputy Sheriff of Marion County;        ) | |
| Levon Nichols, individually and in his     ) | |
| official capacity as Deputy Sheriff of     ) | |
| Marion County; Bobby L. Crawford,          ) | |
| individually and in his official capacity  ) | |
| as Deputy Sheriff of Marion County;        ) | |
| Tim Harper, individually and as            ) | |
| administrator of Marion County;            ) | |
| Willie D. Reaves; City of Marion;          ) | |
| Town of Sellers; Hybert N. Strickland,     ) | |
| individually and in his official capacity; ) | |
| Donna Owens, individually and in her       ) | |
| official capacity,                         ) | |
| )                                      | |
| Defendants.           )                | |
| _____) | |

## ORDER

The plaintiff, Franklin C. Reaves ("plaintiff"), brought this civil action, pro se, pursuant to 42 U.S.C. § 1983 on March 31, 2009. (Doc. #1). The plaintiff filed an amended complaint on October 6, 2009. (Doc. # 23).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges to whom this case had previously

1

been assigned. (Doc. # 120). In the Report, the Magistrate Judge recommends that the District Court grant the motion for attorneys' fees filed by defendant City of Marion (Doc. # 107) in the amount of $3,496.00. (Doc. # 120). The Magistrate Judge also recommends that the District Court grant the motion for attorneys' fees and costs filed by defendants Mark Richardson, Albert Woodbury, Levon Nichols (a/k/a Leverne Nichols), Bobby L. Crawford, Tim Harper, Town of Sellers, Hybert N. Strickland, and Donna Owens (Doc. # 113) in the amount of $6,965.37. (Doc. # 120). The plaintiff filed objections to the Report.[1] (Doc. # 123). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
> Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 120). Therefore, for the reasons articulated by the Magistrate Judge, the motion for

---

[1] The plaintiff filed a motion to file objections to the Report and Recommendation out of time and attached objections to the motion (Doc. # 123). This motion to file objections out of time (Doc. # 123) is **GRANTED**. In ruling on the Report and Recommendation, this Court has considered all materials the plaintiff submitted in response to the Report, including the objections attached to his motion to file objections out of time (Doc. # 123).

attorneys' fees filed by defendant City of Marion (Doc. # 107) is **GRANTED** in the amount of $3,496.00 and the motion for attorneys' fees and costs filed by defendants Mark Richardson, Albert Woodbury, Levon Nichols (a/k/a Leverne Nichols), Bobby L. Crawford, Tim Harper, Town of Sellers, Hybert N. Strickland, and Donna Owens (Doc. # 113) is **GRANTED** in the amount of $6,965.37.[2]

**IT IS SO ORDERED**.

s/Terry L. Wooten
United States District Judge

November 3, 2011
Florence, South Carolina

---

[2] The plaintiff has not presented a sufficient basis to justify a stay of this action. Therefore, the plaintiff's motion for a stay (Doc. # 124) is **DENIED**. Additionally, the Court has reviewed the plaintiff's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) (Doc. # 111). This Court previously denied a motion by the plaintiff to disqualify the Magistrate Judge assigned to this case and found that this case was properly subject to automatic assignment to the Magistrate Judge for pretrial proceedings. (Doc. # 84). This Order notes that in numerous other cases in which the plaintiff is involved, he has filed similar motions and this Court has consistently denied these motions. (Doc. # 84). The Order advised the plaintiff that the continued filing of such motions, absent a change in law or other supporting Fourth Circuit authority, may result in the Court ordering appropriate sanctions based on the lack of merit of such motions. (Doc. # 84). Furthermore, the plaintiff's argument that this Court did not rule on his motion for enforcement of a North Carolina divorce decree is inaccurate. See May 27, 2011, Order (Doc. # 103). Thus, the Court concludes these arguments and the other arguments the plaintiff asserts in furtherance of his motion for reconsideration are insufficient to support a finding that this Court should alter its prior Order. Therefore, after careful consideration, the plaintiff's motion for reconsideration (Doc. # 111) is **DENIED**.